# STATE OF MICHIGAN

# COURT OF APPEALS

---

AUTO CLUB GROUP INSURANCE
COMPANY,

        Plaintiff-Appellant,

v

STATE FARM INSURANCE COMPANY,

        Defendant,

and

NORTHLAND INSURANCE COMPANY and
USAA CASUALTY INSURANCE COMPANY,

        Defendants-Appellees.

UNPUBLISHED
November 4, 2014

No. 314733
Wayne Circuit Court
LC No. 11-006977-CK

---

Before: SAWYER, P.J., and METER and FORT HOOD, JJ.

PER CURIAM.

Plaintiff appeals as from the trial court's order granting summary disposition. We affirm.

This case arises from two motor vehicle accidents that occurred on September 27, 2007, on the I-75 freeway near Davidson in Detroit. First, an SUV driven by Keenan Lowe and insured by USAA Insurance Company (USAA) hit a semi tractor-trailer driven by Steven Smukala and insured by Northland Insurance Company (Northland) and rolled over in the middle of southbound I-75.

The southbound traffic on I-75 slowed down following the accident and several drivers pulled to the right side of the freeway and stopped. Raymond Beebe, who was driving a Dodge pick-up insured by State Farm Insurance Company (State Farm), was one of these drivers. The last vehicle involved was a Jeep Cherokee operated by Michael McBride and insured by plaintiff. McBride stated that he came around the bend traveling at approximately 65 miles per hour; he applied his brakes, but the vehicle continued to slide and struck Beebe's truck. After striking Beebe's truck, McBride's vehicle slid into a group of three pedestrians standing along the guardrail.

The accident between McBride, Beebe's truck, and the pedestrians occurred one to five minutes after the initial collision between Lowe and Smukala. Smukala described the time

-1-

between the two accidents as "fairly quickly" and "I don't even think it was a minute". Another witness to the accident, Larry Fischer, stated that it was less than five minutes.

Following these accidents, plaintiff paid no-fault personal protection insurance benefits to the three injured pedestrians and then filed a no-fault declaratory and reimbursement action against State Farm, Northland and USAA. Plaintiff claimed that the respective vehicles of the insurance companies were involved in the crash, making the three insurers liable for a pro-rata share of the PIP benefits paid out by plaintiff

On appeal, plaintiff argues that the trial court erred in granting defendants' cross-motions for summary disposition pursuant to MCR 2.116(C)(10). We disagree. We review de novo decisions regarding summary disposition. *Morley v Automobile Club of Michigan,* 458 Mich 459, 465; 581 NW2d 237 (1998).

MCL 500.3115 determines the payment order for PIP benefits under Michigan no-fault law and provides as follows:

> (1) Except as provided in subsection (1) of section 3114, a person suffering accidental bodily injury while not an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:
>
> (a)  Insurers of owners or registrants of motor vehicles involved in the accident.
>
> (b)  Insurers of operators of motor vehicles involved in the accident.
>
> (2)  When 2 or more insurers are in the same order of priority to provide personal protection insurance benefits an insurer paying benefits due is entitled to partial recoupment from the other insurers in the same order of priority, together with a reasonable amount of partial recoupment of the expense of processing the claim, in order to accomplish equitable distribution of the loss among such insurers.
>
> (3)  A limit upon the amount of personal protection insurance benefits available because of accidental bodily injury to 1 person arising from 1 motor vehicle accident shall be determined without regard to the number of policies applicable to the accident.

The well-established test for determining no-fault motor vehicle involvement reads as follows:

> [W]e hold that for a vehicle to be considered "involved in the accident" under § 3125, the motor vehicle, being operated or used as a motor vehicle, must actively, as opposed to passively, contribute to the accident. Showing a mere "but for" connection between the operation or use of the motor vehicle and the damages is not enough to establish that the vehicle is "involved in the accident," nor is fault a relevant consideration in the determination whether a vehicle is "involved in an accident." Finally, as already indicated by our discussion in part A, the concept of being "involved in the accident" under § 3125 encompasses a

-2-

broader casual nexus between the use of the vehicle and the damage than what is required under § 3125(1) to show that the damage arose out of the ownership, operation, maintenance, or use of the motor vehicle as a motor vehicle. [*Turner v Auto Club Ins Ass'n,* 448 Mich 22, 39; 538 NW2d 681 (1955).]

Plaintiff relies heavily upon *Turner,* which is a property damage case. But *Turner's* interpretation of "involved in the accident" has also been used to define that term under MCL 500.3115. See *Turner,* 448 Mich at 30. In *Turner,* there was a single series of events that took place leading to the "active involvement" of all the vehicles. In this case, however, there were two separate events; the fact that Lowe's vehicle was left in the middle of I-75 is somewhat irrelevant. The first crash left the disabled vehicle in the road and the second accident lead to the injury of the pedestrians. According to several witnesses, these two events were separated by a few minutes and a space of between fifty to one hundred yards. In keeping with the fact that there was no active link between the two separate accidents, we can look to McBride's own admission that the two accidents were separated by separate lanes of four to five cars. Under the *Turner* test, the trial court correctly concluded that there were two separate accidents: the first between the Northland insured vehicle and the USAA vehicle and the second between the State Farm vehicle and plaintiff's insured vehicle.

Plaintiff points to the Supreme Court's holding that "physical contact or fault are not relevant considerations in the determination whether a vehicle is 'involved in an accident.'" *Turner,* 448 Mich at 29. While this is true, the same decision pointed out that a mere "but for" connection is not enough for there to be "active involvement" within the meaning of MCL 500.3121(1), which is the test for having to pay out PIP benefits. *Turner,* 488 Mich at 39. Plaintiff's contention that "the second accident would not have occurred without the first" merely establishes "but for" causation.

Although multiple witnesses' statements about how quickly the second accident took place and the relative proximity of the two accidents have merit, these simple connections are not enough to establish involvement by the defendants' insured vehicles. The fact that several other vehicles were able to stop and avoid the initial motor vehicle accident shows that the second accident was caused by McBride's inability to stop, rather than the presence of the vehicle from the first accident rolled over in the road. That is, the second accident was caused by McBride's failure to observe the basic speed law and maintain a safe, assured distance ahead.

Affirmed. Defendants may tax costs.

/s/ David H. Sawyer
/s/ Patrick M. Meter
/s/ Karen M. Fort Hood

-3-